**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUAN DEDIOS GARCIA-HERRERA, | No. 13-35435 |
| Petitioner - Appellant, | D.C. No. 2:12-cv-01711-RSM |
| v. | |
| NATHALIE ASHER, Immigration and Customs Enforcement Field Office Director; et al., | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the Western District of Washington
Ricardo S. Martinez, District Judge, Presiding

Submitted October 6, 2014[**]
Seattle, Washington

Before: PAEZ, BYBEE, and CALLAHAN, Circuit Judges.

Juan Dedios Garcia-Herrera appeals the district court's denial of his habeas

petition for lack of jurisdiction. We note that on September 26, 2014, we ordered

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Garcia-Herrera to file a status report, informing the court of whether he remained in the United States and of the status of his application for relief under the Deferred Action for Childhood Arrivals ("DACA") program. Garcia-Herrera responded on October 6, informing the court that he was still present in the United States and that his DACA application had been denied. Because Immigration and Customs Enforcement's ("ICE") refusal to delay his removal pending the adjudication of his DACA application formed the basis of Garcia-Herrera's habeas petition, it appears that this case may be moot. However, we dismiss on the alternate ground of lack of jurisdiction.

The district court held that two statutory provisions, 8 U.S.C. § 1252(b)(9) and 8 U.S.C. § 1252(g), deprived it of jurisdiction over Garcia-Herrera's habeas petition. The former requires that claimants seek "review of all questions of law and fact . . . arising from any action taken or proceeding brought to remove an alien from the United States" through a petition for review in the appropriate court of appeals. 8 U.S.C. § 1252(b)(9); *see also* 8 U.S.C. § 1252(a)(5). The latter expressly bars habeas jurisdiction over "any cause or claim . . . arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, *or execute removal orders* against any alien under this chapter." 8 U.S.C. § 1252(g) (emphasis added).

2

Garcia-Herrera argues that 8 U.S.C. § 1252(b)(9) does not bar his habeas petition because he is not challenging the merits of the underlying removal order. Rather, he challenges ICE's decision not to delay his removal pending the adjudication of his application for relief under DACA. However, by his own formulation, this constitutes a challenge to ICE's decision to execute a removal order. Therefore, the district court properly dismissed his habeas petition for lack of jurisdiction under 8 U.S.C. § 1252(g).

**DISMISSED.**